**FILED**
**Oct 11, 2018**
**11:08 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **COURTLAND LINDSAY,** | ) | **Docket No. 2018-06-1247** |
| **Employee,** | ) | |
| **v.** | ) | |
| **WESTERN EXPRESS,** | ) | **State File No. 46898-20018** |
| **Employer** | ) | |
| **and** | ) | |
| **PMA INSURANCE CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This claim came before the Court on October 9, 2018, for an expedited hearing of Mr. Lindsay's request for temporary disability and medical benefits. Western Express opposed his request, arguing that he would be unlikely to prevail at a hearing on the merits in proving he suffered an injury arising primarily out of and in the course and scope of his employment due a negative medical causation opinion. The Court agrees and denies his request for benefits.

## Claim History

This claim concerns an alleged fall, or a series of alleged falls, that injured Mr. Lindsay's right knee. According to his Petition for Benefit Determination and testimony, on June 18, 2018, Mr. Lindsay slipped and nearly fell down steps while training in "load securement."

A few days before the June 18 incident, Mr. Lindsay injured his right knee in a non-work-related accident.[1] He went to the emergency room following that accident and was diagnosed with a patella fracture. He wore a brace and used crutches because of the non-work-related accident. Mr. Lindsay claimed the June 18 incident aggravated his patella injury.

---

[1] The cause of the non-work-related accident prompted significant testimony and dispute. According to Mr. Lindsay, he injured his knee when he slipped while jogging. Jeff Partlow, another Western Express employee, provided an affidavit and stated he heard Mr. Lindsay tell co-employees that he hurt himself when he slipped on wet grass while trying to jump over a fence.

Western Express provided a panel for the alleged June 18 injury, and Mr. Lindsay first went to Concentra. According to the medical notes, he told the Concentra physician he continued to suffer from knee pain after a jogging accident and developed "new pain" in his right ankle. He also complained of foot bruising. The Concentra physician diagnosed a right ankle sprain and a right knee contusion. He referred Mr. Lindsay for an MRI, which showed a complete tear of the patellar tendon and a partial tear of the lateral patellar tendon. The notes from Concentra made no mention of a patella fracture.

After the MRI, Mr. Lindsay went to see Dr. Joseph Wieck, a neurosurgeon he chose from a panel. At the first visit, Mr. Lindsay told Dr. Wieck he previously injured his knee when he fell while jogging. Dr. Wieck reviewed the x-ray from Concentra and the MRI results. He confirmed the patella-fracture diagnosis and the tendon tears. He recommended surgical repair for the tendon but also indicated that Mr. Lindsay's injuries arose from the jogging accident rather than the June 18 incident.[2] After receiving this opinion, Western Express denied Mr. Lindsay's claim.

Mr. Lindsey testified that the workplace accident aggravated his previous patella injury. He also stated that Dr. Wieck failed to treat his injuries appropriately. He expressed a belief that Western Express denied his claim as a form of retaliation. Western Express asked that the claim be denied for lack of proof of medical causation.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Lindsay has the burden to prove the essential elements of his claim. However, since this is an expedited hearing, he need only present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court holds he failed to carry his burden of proving a causal relationship between his injury and a workplace accident.

While most of the testimony centered on factual disputes, the problem with this claim for temporary benefits concerned the medical proof. To recover benefits, Mr. Lindsay must prove he suffered an "injury" or "aggravation of a preexisting condition" as that term is defined by the Workers' Compensation Law. This includes evidence of a causal link between the injury or aggravation and a work-related accident. To that end, Mr. Lindsay must produce evidence of medical causation.

---

[2] Mr. Lindsay took issue with the medical note's indication he fell while jogging on June 17, arguing that the jogging accident occurred before that date. The Court finds the importance of the opinion concerned the finding that Mr. Lindsay's injury stemmed from the non-work-related injury that predated the alleged work-related incident, rather than the specific date the jogging injury occurred.

To establish medical causation, Mr. Lindsay must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the injury, aggravation or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14)(C)-(D) (2017). Thus, causation must be established by expert medical testimony.

Mr. Lindsay failed to carry his burden of proving medical causation. The authorized treating physician, Dr. Wieck, determined Mr. Lindsay's injury occurred as a result of his non-work-related jogging injury that predated June 18. His causation opinion carries a presumption of correctness, and the presumption can only be overcome by contrary expert medical proof. *See id*. at § 50-6-102(14)(E). Mr. Lindsay presented no contrary expert medical proof, only lay testimony. The Court, therefore, holds Mr. Lindsay would be unlikely to prevail at a hearing on the merits in proving medical causation of his injury.

It is **ORDERED** as follows:

1. Mr. Lindsay's claim for medical and temporary disability benefits is denied at this time.

2. This matter is set for a status conference on Monday, November 26, 2018, at 10:00 a.m. (CST). **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.**

**IT IS SO ORDERED.**

**ENTERED ON OCTOBER 11, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

**Exhibits:**

1. Medical records
2. Affidavit of Courtland Lindsay
3. C-42 Choice of Physician Form
4. First Report of Injury
5. Notice of Claim Denial
6. Affidavit of Jerry Partlow

**Technical Record:**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Lindsay's Statement of Additional Issues
5. Western Express' Position Statement

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on October 11, 2018.

| Name | Certified Mail | Via Fax | Via Email | Address |
|------|------|------|------|------|
| Courtland Lindsay | | | X | live08feed@gmail.com |
| D. Andew Saulters | | | X | dsaulters@ortalekelley.com |

_____

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                       RDA 11082